UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

15th OCT -6  PM 8: 03

CLERK
U.S. DISTRICT COURT
E.O.N.Y.
AFTER HOURS DROP BOX

------------------------------------------------------------------X

SHELDEN SMITH,

                                        Plaintiff,

        -against-

CITY OF NEW YORK, STEVE HORN, Individually,
DENIS SKURZEWSKI, Individually, PHILIP SCANDALE,
Individually, CHRISTOPHER HELD, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                        Defendants.

------------------------------------------------------------------X

**COMPLAINT**

CV 14-5852
Docket No.

**Jury Trial Demanded**

        Plaintiff SHELDEN SMITH, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## Preliminary Statement

        1.      Plaintiff bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §
1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to
Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff SHELDEN SMITH is a forty-two year old African American man residing
in Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly
organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department
(hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department,
authorized to perform all functions of a police department as per the applicable sections of the
aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants STEVE
HORN, DENIS SKURZEWSKI, PHILIP SCANDALE, CHRISTOPHER HELD, and JOHN and
JANE DOE 1 through 10, were duly sworn police officers of said department and were acting
under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through
their employees, were acting under color of state law and/or in compliance with the official rules,
regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the
City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On October 6, 2011, at approximately 1:00 a.m., plaintiff was a lawful pedestrian, walking on the sidewalk in the vicinity of Lexington Avenue and Marcus Garvey Boulevard, Brooklyn, New York, when defendant NYPD officers STEVE HORN and DENIS SKURZEWSKI drove by in a marked police vehicle.

13.     One of the officers stated to plaintiff, in sum and substance, where the fuck are you going?

14.     Plaintiff lawfully responded in sum and substance, I'm going the fuck home.

15.     In response, defendants HORN and SKURZEWSKI exited the police vehicle and unlawfully punched plaintiff in the face.

16.     Defendants HORN and SKURZEWSKI then handcuffed plaintiff and tripped plaintiff to the ground while he was handcuffed, causing plaintiff to fall on his back.

17.     Defendants HORN and SKURZEWSKI dragged plaintiff to their police vehicle, and threw him into the back seat.

18.     While plaintiff was handcuffed in the rear of the police vehicle, defendants HORN and SKURZEWSKI repeatedly punched plaintiff in the head.

19.     Defendants HORN and SKURZEWSKI transported plaintiff to the NYPD's 81st precinct station house.

20.     Inside the 81st precinct, while plaintiff was restrained by rear handcuffs, defendant PHILIP SCANDALE slammed plaintiff to the ground in the presence of defendant sergeant

3

CHRISTOPHER HELD.

21.     Defendant HELD did nothing to intervene in defendant SCANDALE's use of excessive force against plaintiff and provided false information regarding how plaintiff sustained his injuries in an effort to assist in covering up the aforementioned acts of misconduct of his subordinate officers HORN, SKURZEWSKI, and SCANDALE.

22.     The defendants caused plaintiff to be transported to Woodhull Medical Center where plaintiff was treated and diagnosed with injuries including, but not limited to, a fracture to the medial wall of the right orbit, a fracture of the bridge of the right nasal bone, a laceration above plaintiff's left eyebrow which required stitches to close, a laceration on the right side of forehead which required stitches to close, and associated pain, swelling, and bruising.

23.     The defendant officers continued to imprison plaintiff until October 7, 2011, when plaintiff was arraigned in Kings County Criminal Court on baseless charges filed under docket number 2011KN079830; said charges having been filed based on the false allegations of defendant HORN.

24.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for the above mentioned abuse of authority.

25.     Defendant police officers HORN and SKURZEWSKI created and manufactured false evidence which they conveyed to the Kings County District Attorney's office which used same against plaintiff in the aforementioned legal proceedings.

26.     The defendant officers swore to false allegations which formed the basis of the criminal charges filed against plaintiff.

4

27.    Specifically the defendant officers falsely swore that: plaintiff walked into incoming traffic causing a vehicle to swerve and apply brakes to avoid plaintiff; plaintiff refused to provide identification to the defendant officers and stated in sum and substance, fuck you, you can't tell me what to do, I'll kill you, you're nobody; when the defendant officers attempted to place plaintiff under arrest, plaintiff locked his arms, fell to the ground and on top of his arms, and kicked his legs; plaintiff refused to be seated inside of the patrol car and kicked defendant SKURZEWSKI on his hand, and; plaintiff kicked defendant HORN on the knee.

28.    As a result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions until March 21, 2014, when plaintiff was acquitted by a jury of all the false charged levied against him by the defendant officers.

29.    Upon information and belief, the officers' decision to stop and question plaintiff was racially motivated and not because the defendant officers had a particularized suspicion that plaintiff was committing or had committed any crime or offense.

30.    Defendants JOHN and JANE DOE 1 through 5 participated in or otherwise failed to intervene in the above described unlawful conduct.

31.    Defendants HELD and JOHN and JANE DOE 6 through 10 were supervisory officers who were responsible for supervising, training and disciplining the subordinate defendant officers.

32.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, subjecting individuals to the excessive use of force, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race.

5

33.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, stop and question individuals due to discrimination against them based on their race and/or nationality, engage in the excessive use of force, and engage in a practice of falsification to cover up their abuse of authority.

34.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

35.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36.     As a result of the foregoing, plaintiff SHELDEN SMITH sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

6

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff SHELDEN SMITH of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants arrested plaintiff SHELDEN SMITH without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

46.     Defendants caused plaintiff SHELDEN SMITH to be falsely arrested and unlawfully imprisoned.

47.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff SHELDEN SMITH's constitutional rights.

50.     As a result of the aforementioned conduct of defendants, plaintiff SHELDEN SMITH was subjected to excessive force and sustained serious physical injuries and emotional distress.

51.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHELDEN SMITH.

54.     Defendants caused plaintiff SHELDEN SMITH to be prosecuted without any probable cause until the charges were dismissed on or about March 21, 2014.

55.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants created false evidence against plaintiff SHELDEN SMITH.

58.     Defendants utilized this false evidence against plaintiff SHELDEN SMITH in legal proceedings.

59.     As a result of defendants' creation and use of false evidence, plaintiff SHELDEN SMITH suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

60.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants issued criminal process against plaintiff SHELDEN SMITH by causing his arrest and prosecution in Kings County Criminal Court.

63.     Defendants caused plaintiff SHELDEN SMITH to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuses of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

64.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants had an affirmative duty to intervene on behalf of plaintiff SHELDEN SMITH, whose constitutional rights were being violated in their presence by other officers.

67.     The defendants failed to intervene to prevent the unlawful conduct described

10

herein.

68.     As a result of the foregoing, plaintiff SHELDEN SMITH's liberty was restricted for an extended period of time, he was put in fear of his safety, he was assaulted and battered, he was maliciously prosecuted, and he was humiliated and subjected to handcuffing and other physical restraints.

69.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

72.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

11

74.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, disproportionately stopping and question individuals based on their race or ethnicity, subjecting individuals to excessive force arresting citizens without probable cause and then committing perjury and/or manufacturing evidence and/or otherwise engaging in falsification.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SHELDEN SMITH's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHELDEN SMITH.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SHELDEN SMITH as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHELDEN SMITH as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHELDEN SMITH was unlawfully arrested and maliciously prosecuted.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHELDEN SMITH's constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff SHELDEN SMITH of federally protected rights, including, but not limited to, the right:

> A.     Not to be deprived of liberty without due process of law;
>
> B.     To be free from false arrest/unlawful imprisonment;
>
> C.     To be free from the excessive use of force;
>
> D.     To be free from malicious prosecution;
>
> E.     To be free from deprivation of his right to fair trial;
>
> F.     To be free from malicious abuse of process; and
>
> G.     To be free from the failure to intervene; and
>
> H.     To receive equal protection under law.

81.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

13

84. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

85. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHELDEN SMITH.

89. Defendants caused plaintiff SHELDEN SMITH to be prosecuted without probable cause until the charges were dismissed on or about March 21, 2014.

90. As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted

14

and participated in the malicious prosecution of plaintiff SHELDEN SMITH.

93.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

94.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

95.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff SHELDEN SMITH.

97.     As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     Plaintiff's injuries herein were caused by the carelessness, recklessness and

15

negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

100.   As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

101.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

103.   As a result of the foregoing, plaintiff SHELDEN SMITH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SHELDEN SMITH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 6, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff SHELDEN SMITH
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
       BRETT H. KLEIN (BK4744)
       JASON LEVENTHAL (JL1067)

17